IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF ) | CIVIL 15-00526 LEK-KSC |
| FEDERAL FIREFIGHTERS, LOCAL ) | |
| F-263, ) | |
|         ) | |
|       Plaintiff, ) | |
|         ) | |
|    vs. ) | |
|         ) | |
| SECRETARY OF THE NAVY, ) | |
| COMMANDER NAVY REGION HAWAII, ) | |
| FEDERAL FIRE DEPARTMENT, ) | |
|         ) | |
|       Defendants. ) | |
| _____ ) | |

**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS AND
DISMISSING PETITIONER'S MOTION TO CONFIRM ARBITRATION AWARD**

Before the Court are: Petitioner International Association of Federal Firefighters, Local F-263's ("Petitioner" or "the Union") Motion to Confirm Arbitration Award ("Motion to Confirm"), filed on December 18, 2015; and Respondents Secretary of the Navy, and Commander Navy Region Hawaii, Federal Fire Department's ("Respondents") Motion to Dismiss, filed on January 19, 2016.  [Dkt. nos. 1, 7.]  Respondents did not file a memorandum in opposition to the Motion to Confirm.  Petitioner filed its memorandum in opposition to the Motion to Dismiss on January 27, 2016, and Respondents filed their reply on February 3, 2016.  [Dkt. nos. 11, 12.]  These matters came on for hearing on February 8, 2016.  After careful consideration of the motions, supporting and opposing memoranda, and the arguments of counsel, Respondents' Motion to Dismiss is HEREBY GRANTED, and

Petitioner's Motion to Confirm is HEREBY DISMISSED for lack of jurisdiction, as set forth below.

## BACKGROUND

The facts of this case are not in dispute. See Mem. in Supp. of Motion to Dismiss at 1 ("The declaration of Petitioner's Counsel establishes the basic timeline of relevant events."). Petitioner represents "all non-professional general schedule employees of the Oahu Federal Fire Department, Naval Station, Pearl Harbor, Hawaii" ("NAVSTA Pearl" or "the Employer"), which is a division of the United States Department of the Navy ("the Navy"). [Motion to Confirm, Decl. of Peter L. Trask ("Trask Decl.") at ¶¶ 2-3.] NAVSTA Pearl and Petitioner entered into a collective bargaining agreement, which took effect on June 9, 1993 ("CBA" or "Agreement"). [Id., Exh. 1 (CBA).] The CBA states:

> Arbitration may be invoked only by the Union or the Employer and shall extend only to matters which may be processed under Article XX, Grievance Procedure. The arbitrator's award shall be binding on the Parties except that the Union or the Employer may file exceptions to the arbitrator's award in the manner prescribed by law.

[CBA at 36, art. XXI, § 1.]

On January 21, 2011, the Union initiated a Class Grievance against NAVSTA Pearl, pursuant to Article XX of the CBA. The Class Grievance alleged that NAVSTA Pearl failed to pay eleven Series 640 Health Technicians overtime compensation that

2

they were entitled to, in violation of: the CBA, Article VII - Overtime; and the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.* On March 30, 2011, the Union moved the Class Grievance to the second step, and later to arbitration. [Trask Decl. at ¶¶ 6, 8.]

Walter Benavitz, Jr. ("the Arbitrator") accepted the appointment to serve as the arbitrator for the Class Grievance. [Id. at ¶ 5, Exh. 2 (letter dated 4/24/14, from Benavitz accepting appointment).] The Arbitrator presided over an arbitration hearing on October 7, 8, and 9, 2014. At the hearing, the Arbitrator heard testimony from seven witnesses and received fifty-nine exhibits into the record. The Arbitrator received post-hearing briefs, and issued his decision thereafter. [Trask Decl. at ¶¶ 7, 9.] His December 19, 2015 Arbitration Decision and Award ("Arbitration Award") is Exhibit 3 to the Trask Declaration.

The Arbitration Award states that the parties stipulated to present the following issues to the Arbitrator: "1. Whether the Employer is or has been properly compensating the class grievants. If not, what is the appropriate remedy? 2. Whether the Employer has willfully violated the Fair Labor Standards Act (FLSA). If so, what is the appropriate remedy?" [Arbitration Award at 2.] The "Award" section states:

> For the reasons and grounds hereinabove stated, the grievance is denied in part and sustained in

>part.  The Employer is ordered adjust [sic] the
>Grievant [Jarett] Martin's pay to reflect "true
>overtime" from the date in December 2010 when he
>reported to the Federal Fire Department after
>recruit training until December 31, 2013.  The
>Employer is ordered to apply the remedy to all the
>other Grievants in the class.  In part the
>Grievance is denied in that effective January 1,
>2014 the Employer may compensate the Grievants
>with annual premium pay for standby duty in
>addition to overtime pay in accordance with DOD
>Financial Management Regulations regarding
>Overtime Computation for FLSA Nonexempt EMTs and
>paramedics and 5 CFR § 551.512.
>
>       The Employer is ordered to make all Grievants
>in the class whole for all rights and benefits
>related to the pay adjustments.
>
>       The undersigned will retain jurisdiction in
>this matter for a period of forty-five (45) days
>from the receipt of this Award to resolve any
>matters relative to the application or
>interpretation of the remedy.

[Id. at 25.]

Petitioner's counsel states that neither Petitioner nor NAVSTA Pearl filed an appeal from the Arbitration Award, nor did anyone file an action to vacate, modify, or correct the award. Petitioner also points out that NAVSTA Pearl did not file any exception to the Arbitration Award.  [Trask Decl. at ¶¶ 10-11.] However, according to Petitioner, the Navy failed to implement the Arbitration Award, as required by 5 U.S.C. § 7122(b). Petitioner therefore filed an unfair labor practice ("ULP") charge, pursuant to 5 U.S.C. § 7116(a), with the Federal Labor Relations Authority ("FLRA" or "the Authority") on April 15, 2015 ("4/15/15 ULP Charge").  [Id. at ¶ 11.]

In the Motion to Confirm, Petitioner argues that the award is final and binding, and it asks this Court to confirm the Arbitration Award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*. Under the FAA, a party to an arbitration to apply for an order confirming the award within one year after the award was made.  9 U.S.C. § 9.  Petitioner also prays for an award of reasonable attorneys' fees and costs incurred to obtain confirmation of the Arbitration Award, as well as any other appropriate relief.

In the Motion to Dismiss, Respondents urge this Court to dismiss this case for lack of subject matter jurisdiction because Petitioner's only available remedy is through the FLRA; district courts do not have jurisdiction to enforce arbitration awards involving federal sector labor unions.  Respondents point out that, in addition to the 4/15/15 ULP Charge, Petitioner filed a similar ULP charge with the FLRA on January 6, 2016 ("1/6/16 ULP Charge").  [Mem. in Supp. of Motion to Dismiss at 1-2.]

## DISCUSSION

### I. Federal Arbitration Act

This Court will first address Plaintiffs' argument that this Court can confirm the Arbitration Award pursuant to the FAA. 9 U.S.C. § 9 states, in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one

> year after the award is made any party to the
> arbitration may apply to the court so specified
> for an order confirming the award, and thereupon
> the court must grant such an order unless the
> award is vacated, modified, or corrected as
> prescribed in sections 10 and 11 of this
> title. . . .

Article XXI, § 1 of the CBA, quoted *supra*, does not contain express language showing that Petitioner and NAVSTA Pearl agreed that a court judgment "shall be entered upon" an arbitration award regarding CBA disputes. However, Petitioner argues that, based on the case law in existence when the parties entered into the CBA, the language of article XXI, § 1 is sufficient indication of an agreement to entry of judgment, as required by § 9. This Court agrees.

The Seventh Circuit held that the agreement "that a judgment of the court shall be entered upon the award made pursuant to the arbitration," and the agreement "need not be explicit." Milwaukee Typographical Union No. 23 v. Newspapers, Inc., 639 F.2d 386, 389 (7th Cir. 1981). The parties could be deemed to have consented to the entry of judgment if they agreed that: the "arbitration proceedings would be conducted in accordance with the American Arbitration Association's (AAA) rules which did provide such consent"; or the arbitration award "shall be final and binding upon both parties." Id. The Seventh Circuit noted that several courts held that such language was sufficient to satisfy § 9. Id. at 389-90 (citing cases). Other

6

circuit courts also adopted the same, or similar, positions prior to the execution of Petitioner and NAVSTA Pearl's CBA. <u>See, e.g.</u>, <u>Cigna Ins. Co. v. Huddleston</u>, No. 92-1252, 1993 WL 58742, at *10 (5th Cir. Feb. 16, 1993) ("Where, as here, the contract provides that arbitration shall be 'final and binding,' courts have judicial authority to confirm the award[, and,] . . . because the parties incorporated the rules of the American Arbitration Association into their agreement, we may infer an intent to provide for judicial confirmation of the award." (citation and footnote omitted)); <u>Booth v. Hume Pub., Inc.</u>, 902 F.2d 925, 930 (11th Cir. 1990) ("We conclude that the provision in the employment agreement that the arbitrator's determination would be final and binding, along with Hume's full participation in the arbitration process, is sufficient under the Act to confer authority on the district court to confirm the award."). <u>But see, e.g.</u>, <u>PVI, Inc. v. Ratiopharm GmbH</u>, 135 F.3d 1252, 1254 (8th Cir. 1998) ("we do not agree that the mere inclusion of the phrase 'final and binding' in an agreement to arbitrate makes the award enforceable under the FAA").

Petitioner's position still appears to be the prevailing rule.  One district court within the Ninth Circuit has stated:

> While the Ninth Circuit has not expressly addressed what evidences a party's intent to invoke application of the FAA, several other circuit courts have addressed this issue.

7

> Generally, whether the parties intended to consent to a federal judgment on an arbitration award under the FAA depends on the presence of several factors: whether the agreement at issue includes "final and binding" language; whether the agreement includes language stating that the parties will abide by the rules of the American Arbitration Association; whether the parties have submitted to arbitration; whether the contract is to be construed under federal law; and whether the opposing party has attempted to vacate or modify the arbitration award in federal court.

Tucson Elec. Power Co. v. Daimler Capital Servs. LLC, No. CV-12-00323-TUC-JGZ, 2013 WL 321877, at *3 (D. Ariz. Jan. 28, 2013) (footnote and citations omitted).  The district court further stated: "Because Congress intended for the substantive provisions of the FAA to apply only when the parties affirmatively agreed that they should, the Court concludes that jurisdiction is best exercised when the parties' intent can be clearly inferred based on the totality of the circumstances."  Id. at *4.

This Court agrees that, in the absence of Ninth Circuit case law on the issue, the Tucson Electric analysis is an appropriate method to determine whether the parties to a CBA intended to invoke the FAA.  In the instant case, the CBA includes language that an arbitration award "shall be binding on the Parties"; Petitioner and NAVSTA Pearl submitted to the arbitration which culminated in the Arbitration Award; and the

8

governing law for the CBA is federal law.[1] The Court therefore FINDS that, it can be clearly inferred from the totality of the circumstances that the parties to the CBA intended to consent to the entry of a federal court judgment on an arbitration award regarding CBA issues. This, however, does not end the inquiry.

The FAA "is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 . . . or otherwise." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983). The FAA applies "only when the federal district court would have jurisdiction over a suit on the

---

[1] Article II, § 1 of the CBA states:

> It is agreed and understood that in the administration of all matters covered by this Agreement, the Employer, the Union, and unit employees are governed by existing laws (including P.L. 94-545, the Civil Service Reform Act [("CSRA")] otherwise known as the Statute), policies and regulations of appropriate authorities, such as Presidential Executive Orders, Comptroller General Decisions, Office of Management and Budget Issuances, Office of Personnel Management policies and regulations set forth in the Federal Personnel Manual and Department of Defense policies and regulations, Department of the Navy policies and regulations, and NAVSTA PEARL policies and regulations.

[CBA at 2.] The reference to "P.L. 94-545" appears to be an error. The CSRA is Public Law 95-454.

underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction." Id. Thus, the question remains whether this Court has jurisdiction over this case.

**II.  Title VII of the CSRA**

The Ninth Circuit has stated that:

> Title VII of the Civil Service Reform Act of 1978 ("CSRA"), codified at 5 U.S.C. §§ 7101–7135, governs labor management and relations for non-postal federal employees. The CSRA also directs that a collective bargaining agreement ("CBA") "shall provide procedures for the settlement of grievances." 5 U.S.C. § 7121(a)(1). "[A]ny grievance not satisfactorily settled under the negotiated grievance procedure shall be subject to binding arbitration which may be invoked by either the exclusive representative or the agency." Id. at § 7121(b)(1)(C)(iii).

Am. Fed'n of Gov't Emps., AFL-CIO Local 2152 v. Principi, 464 F.3d 1049, 1051 (9th Cir. 2006) (alteration in Principi) (emphasis omitted). The CBA in the instant case acknowledges that it is governed by the CSRA. [CBA at 2, art. II, § 1.] Thus, Title VII of the CSRA governs the Arbitration Award in the instant case.

5 U.S.C. § 7122 states:

> (a) Either party to arbitration under this chapter may file with the Authority an exception to any arbitrator's award pursuant to the arbitration (other than an award relating to a matter described in section 7121(f) of this title). If upon review the Authority finds that the award is deficient–

> (1) because it is contrary to any law, rule, or regulation; or
>
> (2) on other grounds similar to those applied by Federal courts in private sector labor-management relations;
>
> the Authority may take such action and make such recommendations concerning the award as it considers necessary, consistent with applicable laws, rules, or regulations.
>
> (b) If no exception to an arbitrator's award is filed under subsection (a) of this section during the 30-day period beginning on the date the award is served on the party, the award shall be final and binding. An agency shall take the actions required by an arbitrator's final award. The award may include the payment of backpay (as provided in section 5596 of this title).

In the instant case, because no party filed exceptions to the Arbitration Award, the award is final and binding. Respondents acknowledge that the failure to comply with an arbitration award constitutes an ULP under 5 U.S.C. § 7116(a)(8) (for agencies) or (b)(8) (for unions). [Mem. in Supp. of Motion to Dismiss at 4.]

Respondents do not dispute that the failure to comply with the Arbitration Award, but they argue that their failure to do so is justified because Petitioner has not provided certain information that Respondents contend is necessary to make the payments required by the Arbitration Award. Petitioner argues that it has provided all necessary information, and it asks this Court to confirm the Arbitration Award, presumably so that it can enforce the award.

5 U.S.C. § 7123 is the "Judicial review" provision of Title VII of the CSRA.  It states, in pertinent part:

> (a)  Any person aggrieved by any final order of the Authority other than an order under–
>
>> (1)  section 7122 of this title (involving an award by an arbitrator), unless the order involves an unfair labor practice under section 7118 of this title, or
>
>> . . . .
>
> may, during the 60-day period beginning on the date on which the order was issued, institute an action for judicial review of the Authority's order in the **United States court of appeals** in the circuit in which the person resides or transacts business or in the United States Court of Appeals for the District of Columbia.
>
> (b)  The Authority may petition any appropriate **United States court of appeals** for the enforcement of any order of the Authority and for appropriate temporary relief or restraining order.
>
> . . . .
>
> (d)  The Authority may, upon issuance of a complaint as provided in section 7118 of this title charging that any person has engaged in or is engaging in an unfair labor practice, petition any **United States district court** within any district in which the unfair labor practice in question is alleged to have occurred or in which such person resides or transacts business for appropriate temporary relief (including a restraining order).  Upon the filing of the petition, the court shall cause notice thereof to be served upon the person, and thereupon shall have jurisdiction to grant any temporary relief (including a temporary restraining order) it considers just and proper.  A court shall not grant any temporary relief under this section if it would interfere with the ability of the agency to carry out its essential functions or if the

>     Authority fails to establish probable cause that
>     an unfair labor practice is being committed.

(Emphases added.)  For purposes of Title VII of the CSRA, "'person' means an individual, labor organization, or agency." 5 U.S.C. § 7103(a)(1).

The Ninth Circuit has stated that § 7123 is "[t]he only provision made for judicial jurisdiction" in Title VII of the CSRA.  Columbia Power Trades Council v. U.S. Dep't of Energy, 671 F.2d 325, 327 (9th Cir. 1982).  Further:

>     At no point does [§ 7123] entitle a party to
>     petition a district court for relief.  Given the
>     broad purpose of the Act to meet the special
>     requirements of government, the leadership role of
>     the Authority, and the limited role of the
>     judiciary in this statutory scheme, it is
>     manifestly the expressed desire of Congress to
>     create an exclusive statutory scheme. . . .  We,
>     therefore, find that the Authority possesses
>     exclusive jurisdiction over federal labor
>     relations matters.

Id. (footnote omitted).

Thus, this Court could confirm the Arbitration Award pursuant to the FAA, but for the unique status of Petitioner's members, who fall squarely within Title VII of the CSRA. Section 7123 limits the federal courts' jurisdiction over cases regarding arbitration awards governed by that title, and § 7123 does not allow a labor union to bring a motion to confirm an arbitration award in a United States District Court.  Pursuant to Title VII of the CSRA, the FLRA has exclusive jurisdiction over the enforcement of the Arbitration Award.

It is understandable that Petitioner and its members are frustrated by Respondents' failure to take the actions ordered in the Arbitration Award, which no one disputes is final and binding on the parties. Even if there is a basis for this Court's jurisdiction over the Motion to Confirm other than Title VII of the CSRA,[2] this Court has no jurisdiction to enforce the Arbitration Award because the failure to comply with the award is an ULP, and the Authority has exclusive jurisdiction over ULP charges. See 5 U.S.C. § 7118. Having this Court confirm the Arbitration Award when it has no jurisdiction to enforce the award would do nothing to accomplish Petitioner's goals in this matter.

Insofar as what Petitioner ultimately seeks is to enforce the Arbitration Award, and this Court does not have jurisdiction to do so, this Court CONCLUDES that it does not have jurisdiction over Petitioner's Motion to Confirm. Respondents' Motion to Dismiss is GRANTED, and Petitioner's Motion to Confirm is DISMISSED for lack of jurisdiction.

### III. **Leave to Amend**

The Motion to Confirm the instant case and is – in essence – Petitioner's pleading. The Ninth Circuit has stated

---

[2] Petitioner also argues that this Court has subject matter jurisdiction over the Motion to Confirm pursuant to the Administrative Procedures Act, 5 U.S.C. § 702, and pursuant to 28 U.S.C. § 1346(a)(2). [Mem. in Opp. to Motion to Dismiss at 2.]

that: "As a general rule, dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1117-18 (9th Cir. 2013) (citation, internal quotation marks, and brackets omitted). Petitioner argues that, if this Court concludes that it does not have jurisdiction over the Motion to Confirm, it should allow Petitioner to amend its pleading to seek: 1) equitable relief from Respondents compelling them to disclose what Petitioner and its members must do to obtain the payments ordered in the Arbitration Award; and/or 2) a writ of mandamus compelling the FLRA to act upon Petitioner's pending ULP Charges.[3]

      This Court CONCLUDES that it would be futile to allow Petitioner to amend the Motion to Confirm into a complaint seeking equitable relief from Respondents. Such a claim would essentially be another attempt to enforce the Arbitration Award, and the same jurisdictional analysis set forth in the instant

---

[3] Both Petitioner and Respondents state that Petitioner has filed ULP "complaints" before the FLRA. [Trask Decl. at ¶ 11; Mem. in Supp. of Motion to Dismiss at 2.] However, it appears that, under Title VII of the CSRA, "any agency or labor organization [can be] **charged** by any person with having engaged in or engaging in an unfair labor practice." § 7118(a)(1) (emphasis added). The General Counsel of the FLRA investigates the charge and determines whether to issue a **complaint**. Id. If a complaint is issued, the FLRA conducts a hearing after it has been served. § 7118(a)(6). It is not clear from the record what stage of the proceedings Petitioner's ULP Charges are in.

Order would apply.  This Court would not have jurisdiction over the proposed claim for equitable relief.

As to the proposed writ of mandamus, the Authority is not a party to this case.  Further, the nature of the claim and the relief sought in this proposal are significantly different from those in the instant case.  This Court therefore does not consider a petition for a writ of mandamus against the Authority to be an amendment of the instant Motion to Compel.  If that is the course of action that Petitioner wishes to follow, it must file its petition for writ of mandamus in a separate action, which will be assigned a new case number.  This Court does not make any finding or conclusion at this time regarding the merits of the proposed petition for a writ of mandamus.

This Court CONCLUDES that the Motion to Confirm cannot be saved by any amendment, and it must therefore be DISMISSED WITH PREJUDICE.

## CONCLUSION

On the basis of the foregoing, Respondents' Motion to Dismiss, filed January 19, 2016 is HEREBY GRANTED, and Petitioner's Motion to Confirm Arbitration Award, filed December 18, 2015, is HEREBY DISMISSED WITH PREJUDICE.  There being no issues remaining in this case, this Court DIRECTS the Clerk's Office to enter judgment and close the case on

**March 21, 2016**, unless Petitioner files a motion for reconsideration of this Order by **March 17, 2016**.

  IT IS SO ORDERED.

  DATED AT HONOLULU, HAWAII, February 29, 2016.



          /s/ Leslie E. Kobayashi
          Leslie E. Kobayashi
          United States District Judge

**INTERNATIONAL ASSOCIATION OF FEDERAL FIREFIGHTERS, LOCAL F-263 VS. SECRETARY OF THE NAVY, ET AL.; CIVIL 15-00526 LEK-KSC; ORDER GRANTING RESPONDENTS' MOTION TO DISMISS AND DISMISSING PETITIONER'S MOTION TO CONFIRM ARBITRATION AWARD**